IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| OSCAR G. LONGORIA,<br>Plaintiff<br><br>v.<br><br><br><br>UNITED OF OMAHA<br>LIFE INSURANCE COMPANY and<br>THE GEO GROUP, INC.,<br>Defendants | § § § § § § § § § § § § § | CIVIL ACTION NO.<br>5: 22-cv-350 |

**PLAINTIFF'S ORIGINAL COMPLAINT**

United of Omaha Life Insurance Company wrongfully denied Oscar Longoria's claim for long-term disability (LTD) benefits. In the alternative, Longoria's employer, the Geo Group Inc., breached its fiduciary duties to Longoria in failing to provide accurate information regarding working hour requirements and eligibility for LTD benefits and this failure by Geo Group resulted in Longoria's loss of LTD benefits.

**I. PARTIES**

1. Plaintiff Oscar Longoria is a resident of Karnes City, Karnes County, Texas.

2. Defendant United of Omaha Life Insurance Company (United of Omaha) is the claims administrator and underwriter of the voluntary long

disability policy that provided LTD coverage to Longoria and other employees of Geo Group Inc. The LTD policy is a welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 (ERISA). Defendant United of Omaha is a foreign insurance company licensed to do business in Texas and can be served with citation by serving its agent for service of legal process Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

3. Defendant The Geo Group, Inc. is a foreign corporation that does business in Texas and is the named Plan Administrator of the LTD policy. The Geo Group is a plan fiduciary of the LTD policy in accordance with ERISA's definition of a plan fiduciary. The Geo Group can be served by serving its registered agent for service in Texas, Corporate Creations Network Inc., 5444 Westheimer, #1000, Houston, Texas.  77056.

## II. JURISDICTION AND VENUE

4. This lawsuit is a claim for disability benefits provided by an ERISA welfare benefit plan brought under 29 U.S.C. §1132(a)(1)(B) and, in the alternative, a claim for surcharge relief under 29 U.S.C. §1132(a)(3) of ERISA. This court has jurisdiction over this claim for disability benefits under 29 U.S.C. §1132(e)(1). Venue is proper in the Western District of Texas, San Antonio Division, in accordance with 29 U.S.C. §1132(e)(2) as the disability benefit payment obligations under the plan are to Longoria at his home in Karnes City, Karnes County, Texas.

### III. STATEMENT OF FACTS

5. Prior to becoming disabled, Oscar Longoria worked for Geo Group at the Karnes County Residential Center in Karnes City, Texas. The Residential Center is a facility that cares for detained immigrants. The Geo Group owns and manages the facility under a contract with the U.S. Immigration and Customs Enforcement (ICE). Longoria began working for Geo Group in 2012. Although his work title was always Residential Advisor, his primary responsibility was to serve as a librarian within the facility's library. Longoria loved his job.

6. During the latter years that Longoria worked for Geo Group, he began to experience severe lower back pain and numbness that went into his buttocks and down both legs, right worse then left. Despite his chronic pain, he continued to fulfill the material obligations of his work. He was diagnosed with severe spinal stenosis. In 2018 he underwent fusion surgery in San Antonio in order to alleviate or at least reduce his high pain levels. The fusion surgery didn't help. His pain and numbness through his buttocks, both legs and feet continued. In June, 2020, due in part to the numbness in his feet caused by spinal stenosis, he fell at work and suffered a subdural hematoma. As of April 9, 2021, Longoria could no longer continue working due to chronic pain and numbness from spinal stenosis.

7. The Geo Group offered various welfare benefits to its employees, including voluntary short and long-term disability benefits offered through a group

policy underwritten by United of Omaha.  Longoria paid the premiums for both policies for years.  United of Omaha accepted his premiums for years.  The LTD policy is an ERISA plan.  The STD and LTD policies are integrated, so that the STD plan pays for a maximum period of 90 days and the LTD policy has a waiting period of 90 days before benefits are paid.   At the time of his disability in April 2021, Longoria was paying $84.41 per pay period (every two weeks) for his LTD coverage and $15.48 for his STD coverage.

8. In April of 2021, Longoria submitted a claim to United of Omaha for STD benefits.  His STD benefits were approved and he was paid for the maximum period of 90 days.  Since he was unable to return to work due to his impairments, he applied for LTD benefits.

9.  United of Omaha denied his claim for LTD benefits based upon the assertion that Longoria did not consistently work at least 40 hours per week, and therefore was not eligible for LTD benefits under the policy.   United of Omaha obtained Geo Group's payroll records for 2020, and up through April of 2021, and indicated that most weeks during that time period, (when he was able to work), Longoria worked an average of approximately 38.5 hours per week.  United of Omaha did not contest Longoria's claim that he was disabled.

10.  Longoria timely appealed.  He advised that Geo Group didn't allow overtime and in fact he could be written up if he worked more than 40 hours a week.  He had to line up with 35 to 40 employees to punch the clock when he was leaving work, he explained, and therefore, generally speaking, it was impossible

4

for him to both comply with company policy and the insurance policy's requirement of 40 hours per week.  In order to comply with Geo Group's no-overtime requirement, he had to make sure he clocked out before 5 p.m.

11.  Further, Longoria pointed out that his health was declining and therefore many weeks it was impossible for him to meet the 40 hours per week requirement.  He had tried a spinal cord stimulator and steroid injections but neither provided satisfactory relief from his chronic, severe pain and numbness in his lower limbs. To have a 40 hour per week requirement within an LTD policy, and to interpret it strictly, is deliberately cruel when someone has a progressive condition such as spinal stenosis that ultimately causes them to be disabled.  A 40 hour per week requirement and a strict interpretation of that requirement pulls the rug out from under those who are impaired and need their disability coverage the most.

12.  United of Omaha denied Longoria's appeal by issuing an adverse benefit determination dated October 15, 2021.  The sole reason for denial was that Longoria did not regularly and continuously work 40 hours per week as required by the LTD policy and therefore was not eligible for coverage.

**Exhaustion of Appeal Requirements**

13.  Longoria exhausted the administrative appeal requirements of the LTD policy.

**United of Omaha's Denial of LTD Benefits Was Contrary to the Preponderance of the Evidence Or Was an Abuse of Discretion**

14. Even if there is language in the policy or plan-related documents that is interpreted to grant United of Omaha discretion to make benefit determinations under the group LTD policy, these discretionary provisions are unenforceable as to Longoria's claims for LTD benefits because it is a violation of Texas law to seek enforcement of a discretionary clause in a disability policy against an insured living in Texas. Texas Insurance Code, §1701.062, and 28 Texas Administrative Code §§3.1201-3.1203. This anti-discretionary statute and its accompanying regulations are not preempted by ERISA.

15. In the unlikely event that United of Omaha is found to have retained its discretionary authority so that this matter is reviewed under an abuse of discretion, United of Omaha abused its discretion in denying Longoria LTD benefits.

16. United of Omaha's decision to deny Longoria's claim for LTD benefits, resulted in United of Omaha saving money, as the carrier is both the decision-maker and the underwriter of LTD benefits. As a result, United of Omaha acted under a conflict of interest when it decided Longoria's claim and his appeal. If abuse of discretion is determined to be the proper standard of review, this conflict of interest should be considered as a factor by this Court in determining whether or not United of Omaha abused its discretion.

### IV.   CAUSES OF ACTION

**Count I: Claim Against United of Omaha for LTD Benefits Under 29 U.S.C. §1132(a)(1)(B) of ERISA**

17.  Longoria seeks to recover LTD benefits from July 12, 2021 until July 12, 2022, (due to his advanced age at the time he became disabled, Longoria is limited to one year of disability benefits under the policy), under the authority of 29 U.S.C. §1132(a)(1)(B) of ERISA.  Fiduciaries of ERISA plans such as United of Omaha (a fiduciary because it made the final decision on Longoria's claim) are required to interpret the plans consistently and uniformly as to plan participants.  Longoria will show that United of Omaha did not interpret the group policy's requirement of working at least 40 hours per week uniformly, and in fact consistently ignored the 40 hours per week requirement as to most other full-time Geo employees and plan participants who submitted LTD claims under the Geo group policy.  As the plan has more consistently been interpreted to allow coverage for all full-time employees (who are actively working) who are plan participants, rather than restrict coverage to only those employees working 40 hours or more a week, the plan should have been interpreted in the same manner when evaluating Longoria's claim, (i.e. consistently).  It was an abuse of discretion to single Longoria out and strictly construe the 40-hour requirement against him.

### Count II: Claim Against United of Omaha for LTD Benefits Under 29 U.S.C. §1132(a)(1)(B) of ERISA Due to Waiver

18.  In the alternative, (if Longoria is not awarded benefits under Count I), United of Omaha intentionally waived and relinquished its right to deny eligibility coverage by invoking a strict interpretation of the 40 hour per week rule.  United of Omaha accepted Longoria's premiums for STD and LTD benefits for years with

knowledge, actual or constructive through its agents, that Longoria was not consistently and regularly working 40 plus hours per week. United of Omaha's acceptance of premiums for years with this knowledge amounted to a waiver of the 40 hour per week requirement as to Longoria. As the 40 hour per week requirement of eligibility was the only reason that United of Omaha gave for denying coverage (in both its initial denial and the appeal denial), since United of Omaha waived that requirement by accepting Longoria's LTD premiums (for years), benefits should be awarded Longoria under the authority of 29 U.S.C. §1132(a)(1)(B) of ERISA.

### Count III: Breach of Fiduciary Duty by Geo Group Inc. Actionable Under 29 U.S.C. §1132(a)(3) of ERISA

19. The Geo Group Inc. is the named plan administrator of the LTD policy. As a result, Geo Group was and remains a plan fiduciary of the LTD benefit plan. Among its fiduciary responsibilities under ERISA it was required to provide a clear plan summary to plan participants, calculated to be understood by the average plan participant, that included a clear description of the underlying plan's requirements respecting eligibility for plan participation and plan benefits, and any circumstances that might result in the ineligibility or denial of benefits.

20. Even though Geo Group had direct knowledge of the number of hours that Longoria worked per week, and even though Geo Group knew that it was taking money out of each of Longoria's paychecks for LTD premiums, Geo Group never provided Longoria a summary of benefits that warned him that if he wasn't

working 40 or more hours per week he would not be eligible for LTD benefits. This failure of Geo Group to provide a proper summary of benefits that including this warning of ineligibility if Longoria worked less than 40 hours per week was a breach of fiduciary duty actionable under 29 U.S.C. §1132(a)(3) of ERISA.

21. Instead, Longoria was advised that all full-time employees were entitled to welfare benefits, including LTD benefits provided the participants paid the premiums. The non-disclosure of the 40 hour per week rule was a breach of fiduciary duty: a misrepresentation by non-disclosure. By continuing to take Longoria's premium payments, Longoria was led to believe he had LTD coverage so long as he remained a full-time employee. Longoria relied upon this misrepresentation in working the hours that he worked and in continuing to pay the premiums for the LTD policy. Had Geo Group fulfilled its fiduciary duties by providing Longoria a plain but sufficiently detailed summary of plan information that included the information of ineligibility if he didn't work 40 hours or more per week, Longoria would have made sure that he was fulfilling the 40 hours per week requirement. This breach of fiduciary duty by the Geo Group directly caused Longoria to lose his LTD benefits.

## V. **RELIEF REQUESTED**

22. Upon a finding of disability, the LTD policy entitles Longoria to 60% of his pre-disability basic monthly earnings, calculated for hourly employees as the average earnings over the year prior to disability. Longoria's basic monthly earnings were calculated to be $3,088.28 per month. Longoria was 71 years of

age at the time of his disability (April 9, 2021). The policy provides for one-year of disability benefits for participants 69 years of age and over. Therefore, Longoria is entitled to the sum of $22,235.62 in benefits (benefits spanning the period from July 12, 2021 to July 12, 2022) under his claims against United of Omaha, Count I and Count II.

23. In the alternative, if Longoria does not prevail under Count I or Count II, Longoria requests surcharge relief over and against Geo Group for the LTD benefits that he would have received, $22,235.62, but for the breach of fiduciary duty by Geo Group as previously described. He relied upon the misrepresentation by Geo Group and that reliance led directly to his loss of LTD benefits.

## VI. ATTORNEY'S FEES

24. Longoria requests his attorney's fees and costs under 29 U.S.C.A. 1132(g).

## CONCLUSION

Wherefore, premises considered, Longoria requests disability benefits from United of Omaha in the sum of $22,235.62. In the alternative, he requests surcharge relief over and against The Geo Group in the amount of $22,235.62. He also requests his attorney's fees, for pre-judgment interest at the maximum rate allowed by law, post-judgment interest, and for such other and further relief, both at law and in equity, to which he may show himself to be justly entitled.

Respectfully Submitted,

**Law Office of Jeffrey E. Dahl**
The Commerce Building
314 E. Commerce, Suite 300
San Antonio, Texas  78205
(210) 527-0900 (Telephone)
(210) 527-0901 (Facsimile)
jdahl@erisaattorneyintexas.com

By:   */s/ Jeffrey E. Dahl*
**Jeffrey E. Dahl**
**State Bar No. 05310900**
**Attorney for Plaintiff Oscar G. Longoria**